The opinion of the court was delivered by
Tilghman, J.
Edward Stiles the plaintiff in error claims the service of Nelly, the defendant in error, until she shall be of the age of 28 years. The cause depends on the registry of a negro woman named Rachael, (the mother of Nelly) entered in the book for recording of negroes and mulatto servants, and slaves in the county of Cumberland. The register contains every .particular required by the law. Rachael is entered, as a female, born the 15th November 17S0, owned by John Duncan, of Carlisle, merchant. The oath of the owner was taken before the clerk of the sessions, the 27th March 1789. But the writing delivered to the clerk by the owner, which was filed in the public office, differs •from the register in several respects. In that writing, Rachael is said to have been born about the 15th November 1780; and the occupation of the owner, (merchant) and the sex of Rachael, (female) are omitted. Several exceptions have been taken to this register.
1. The time of birth is stated with too little precision — “ about, the 15ih November 1780. In support of this exception, the case of the Commonwealth v. Greason, was cited, (4 Serg. Rawle, 42.5.) There the entry was of a child, born on or about the 23d of May last, and bore date 21st November 1792. It was determined that the register was defective, because the act of 29th March 1788, directs, that the entry should be made within six m.onths after the birth of the child, and it was altogether uncertain, from this entry, whether it had been made within the six months. But the present case is quite different. It was not necessary that the register of Rachael, who was born before the 29th March 1788, should be made within six months from her birth. *371 On the contrary, it was not required by the act of 1st March, 1780, that she should be registered at all. But the act of 39 th March, 1788, (sect. 4 ) directed that all persons possessed of children born after the 1st March 1780, who would, by the said act, be liable to serve till the age of 28 years, should have them registered, on or before the 1st April 1789; and that the owner should swear to their age, (to the best of his knowledge.) All that was necessary, therefore, was, to show, that Rachael was born after the 1st March, 1780. Now surely, when it is sworn that she was born about the 15th November 1780, it is asserted with sufficient certainty, that she was born after the 1st March 1780. The act does not require that the oath should contain precise certainty, it would have been unjust to require it; because there was a period of six years, between the act of 1st of March 1780, and that of 29th March 1788. Therefore it is only required that the owner should swear to the best of his knowledge. The law is cautiously drawn with regard to this point, I am of opinion, it has been complied with.
2d. The 2d exception is, that it docs not appear, that the entry and oath were made by the owner of Rachael. I think it sufficiently appears although the entry was made in a confused manner. It mentions Rachael, the property of John Duncan; and two other negroes, the property of Samuel Postlethwaite-, then came the words following, “ sworn before John Agnew 27th March, 1789. Duncan and Postlethwaite.” Now to make sense of this entry; it must be understood that Duncan and Postlethwaite, severally made oath to their own property. It was the fault of the clerk, that it does not appear so clearly as might be, by whom the oaths were taken. But we can make out his meaning, and that is enough.
3d and 4th. The 3d and 4th exceptions are, that in the paper filed in the clerk’s office, the sex of Rachael, and the occupation of John Duncan are omitted. This is very true, but they are both inserted in the record. There is not the least appearance of fraud or artifice in this transaction. The owner of a negro girl appears to have honestly intended to have her registered according to law, and the register itself is strict form. It in no manner contradicts the writing returned by the owner, but supplies its defects in two particulars. These defects were probably unknown when the writing was drawn, but being corrected in the register, the presumption is, that on their being pointed out to the owner he directed the clerk to insert them in the record before his oath was taken. This appears to me, to be the honesty and justice of the case. And the opinion of this court, in the case of Wilson v. Belinda, 3 Serg. fy Rawle, 399, warrants the construction whieh I have given to the register, connected with the written return of the owner. In that case, the word Esquire in the register, was connected with the return made by the owner, which was blank as *372 to his occupation. It ought not to be presumed, that the clerk violated his duty which he would have done, if he had made a recorcFdifferent from that of John Duncan-, without his orders. The return of the owner and the record of the clerk may be considered as simultaneous acts and forming one transaction. These are all the exceptions which have been made to this register. I am of opinion that none of them have been supported, and therefore the judgment of the Court of Common Pleas should be reversed, and judgment entered in this court for the plaintiff in error.
Judgment affirmed.